IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL GANTT, EDNA GANTT, <br><br>  Plaintiffs, <br><br> vs. <br><br> PENNY MAC, DAVID SPECTOR, <br><br> Defendants. | CIV. NO. 24-00114 RT-NONE <br><br> FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES |

**FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES**

On March 8, 2024, Plaintiff filed an *Application to Proceed in District Court without Prepaying Fees or Costs* ("IFP Application"). ECF No. 2. The Court elects to decide the *IFP Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful review of the *IFP Application* and relevant law, the Court recommends that the *IFP Application* be **DENIED**.

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S.

331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). In order to do so, the applicant seeking such authorization must submit an application requesting such relief and the application must set forth the applicant's financial status. A litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In this case, Plaintiff filed an incomplete *IFP Application*. Plaintiff does not indicate in the *IFP Application* whether he is employed, receives income or has any property, expenses, debts or dependents. However, Plaintiff attached to the *IFP Application* a handwritten note stating that either he or "we" pay(s) for storage, rent, food and medical bills. ECF No. 2 at PageID.9. Plaintiff also submitted a statement indicating that he is entitled to benefits in the amount of $3,915.42 and/or $4,256.06 on a monthly basis. *Id*. at 10. The Court cannot be certain whether Plaintiff is receiving one or both those amounts as monthly income and the amount of Plaintiff's monthly expenses is unclear. The Court thus finds that Plaintiff has not established that his financial status is such that he cannot pay the required fees in this case. Accordingly, the Court **RECOMMENDS** that the *IFP Application* be **DENIED** without prejudice. The Court **RECOMMENDS** that Plaintiff be permitted to either pay the filing fee, or file a renewed application by

no later than May 31, 2024 or any deadline set by the district court.  In doing so, Plaintiff should fill out the application form (AO 240) as concisely and clearly as possible, and without omitting answers to any of the questions in the application form.

## **CONCLUSION**

The Court **FINDS AND RECOMMENDS** that the district court **DENY** the *IFP Application* without prejudice.  The Court **RECOMMENDS** that Plaintiff be permitted to either pay the filing fee, or file a renewed application by no later than May 31, 2024 or any deadline set by the district court.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk's Office is directed to **ASSIGN** this case to a district judge.  Magistrate Judge Trader to remain as the assigned Magistrate Judge.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 12, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00114 RT-NONE;  *Paul Gantt, Edna Gantt vs. Penny Mac, David Spector*;  Findings and Recommendation to Deny Application to Proceed in District Court Without Prepaying Fees